EL PUEBLO DE PUERTO RICO, demandante y apelado, *v* JOAQUÍN ZAYAS, acusado y apelante.

No. 4187.—*Sometido:* Noviembre 18, 1930. *Resuelto:* Diciembre 19, 1930.

*Guillermo S. Pierluisi* y *R. Atiles Moreu,* abogados del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La denuncia por la que se empezó el procedimiento en este caso, es como sigue:

"Corte Municipal de Juana Díaz, P. R.—Estados Unidos de América,—El Presidente de los Estados Unidos,—SS:—El Pueblo de Puerto Rico v. Joaquín Zayas, residente en Caonilla, Juana Díaz, P. R.—Yo, Ramón Robles, Gdia. P. I. No. 475, vecino de Juana Díaz, P. R., calle de La Vida, número____, mayor de edad, formulo denuncia contra Joaquín Zayas, por delito de Infracción a la Ley de Prohibición Nacional vigente, cometido de la manera siguiente: Que en 31 de octubre, 6 A. M., de 1929, y en el barrio Caonilla de Villalba, P. R., del Distrito Judicial Municipal de Juana Díaz, P. R., que a la vez forma parte del Distrito Judicial de Ponce, P. R., el referido acusado Joaquín Zayas, allí .y entonces, de una manera ilegal, voluntaria y maliciosa, violó las disposiciones de la ley de prohibición nacional, aplicable a Puerto Rico de acuerdo con la enmienda 18 de la Constitución de los Estados Unidos, y por una ley del Congreso Americano aprobada en septiembre 22 de 1921, también enmendada en marzo 2 de 1929, dicho acusado tenía bajo su posesión y custodia como dueño o guardián, puesto al fuego y destilando ron cañita que es una bebida embriagante propia para beber que contiene más del medio del uno por ciento de alcohol por volumen, dos alambiques completos, los que le fueron ocupados y se ponen a disposición de la Honorable Corte como materia de prueba."

La Corte de Distrito de Ponce, ante la que fué el caso en apelación, después de oír la prueba, condenó al acusado al pago de una multa de sesenta dólares, y costas, y en defecto de aquel pago un día de cárcel por cada dólar. Y contra este sentencia se apela por el acusado.

Se han señalado por la parte apelante seis errores. Pero no creemos necesario entrar en el estudio y discusión de los mismos por las circunstancias siguientes:

En el seno del tribunal se suscita de nuevo la cuestión propuesta y resuelta por mayoría en el caso *El Pueblo de Puerto Rico* v. *Rodríguez,* 33 D.P.R. 393, y que aparece concretamente en el *syllabus* en el referido caso. Allí se lee:

"Una denuncia por infracción a la Ley Federal de Prohibición presentada en la corte municipal, en la cual se establezca la acción a nombre de los Estados Unidos, incluyendo además El Pueblo de Puerto Rico, cumple con los requisitos exigidos por la sección 10 del Acta Jones."

El extremo en discusión en aquel caso fué la suficiencia de la denuncia o acusación presentada no en nombre de los Estados Unidos directa y exclusivamente, y por un fiscal de los Estados Unidos, sino en la forma que sigue:

"Corte Municipal de Humacao, P. R. Estados Unidos de América, El Presidente de los Estados Unidos, SS. El Pueblo de Puerto Rico vs. Ramón Rodríguez, José Capele, Santos Rodríguez, Isidoro Cardona, Narciso Rodríguez.—Yo, Rafael Alarcón, Cabo, P. I., vecino de Las Piedras, P. R., calle principal, mayor de edad, formulo denuncia contra los acusados arriba expresados por delito de infracción a la Ley de Prohibición Nacional, cometido de la manera siguiente . . . ."

Se resolvió que la denuncia era suficiente disintiendo los Jueces Asociados Sres. Wolf y Hutchison.

No hay duda alguna acerca del poder del Congreso de los Estados Unidos para hacer extensiva a los territorios una ley nacional; ni la hay tampoco acerca del poder del mismo cuerpo legislativo para dar jurisdicción a las cortes territoriales para intervenir concurrentemente con las federales en el conocimiento y castigo de ciertos delitos e infracciones. Y así tenemos que partir de la perfecta constitucionalidad de las leyes que pasamos a citar:

1. Artículo o Sección 3 de la ley de 23 de noviembre de 1921, aprobada por el Congreso de los Estados Unidos. Texto:

"Que esta ley y la de Prohibición Nacional serán aplicables no sólo a los Estados Unidos, sino a todo aquel territorio que esté bajo su jurisdicción, incluyendo el territorio de Hawaii, y las Islas Vírgenes; a las cortes del Territorio de Hawaii y de las Islas Vírgenes se confiere jurisdicción para obligar el cumplimiento de esta Ley y de la Ley de Prohibición Nacional en dicho territorio e islas."

Ley del Congreso de los Estados Unidos, de 21 de septiembre de 1922. Texto:

"Decrétese por el Senado y la Cámara de Representantes de los Estados Unidos de América, en Congreso reunidos, que se confiera como por la presente se confiere, a los jueces y cortes territoriales de Puerto Rico, jurisdicción concurrente con los comisionados y cortes de los Estados Unidos en aquel territorio, sobre toda infracción de la ley de octubre 28 de 1919, conocida con el nombre de Ley de Prohibición Nacional, y de cualquier ley enmendatoria y supletoria de la misma, siendo la jurisdicción de los referidos jueces y cortes territoriales en los casos de dichas infracciones la misma que en la actualidad tienen sobre otros delitos de su jurisdicción."

La Ley de Prohibición Nacional fué extendida a Puerto Rico como ley federal. Esta fué la situación jurídica creada por la ley del Congreso, de 1921, que hemos copiado parcialmente. Y ése fué también el poder ejercido por el Congreso; el de extensión de la ley y sus efectos a determinados territorios. Pero no el de convertir en ley local la que por su esencia, su naturaleza, y aun por su nombre conservado en la ley de extensión, era y es, ley nacional y federal.

¿Quiso el Congreso, por la ley de 1922, que hemos copiado, dar a la Nacional de Prohibición el carácter de local? ¿Hubo necesidad de ello? Estos son dos problemas cuya resolución envuelve dificultad más aparente que real.

En primer término: para que la Ley Nacional de Prohibición surtiera efectos en Puerto Rico, no era necesaria la ley de 1922, ya que por la de 1921, se había, por el Congreso, hecho la extensión de tal ley a los territorios bajo la jurisdicción de los Estados Unidos. Luego el fin o propósito de la ley de 1922 no era el de traer a Puerto Rico la Ley Nacional, porque ya estaba esa ley en Puerto Rico.

¿Era necesario convertir en ley local en Puerto Rico la Ley Nacional de Prohibición? Evidentemente, no; ya que sin esa conversión, regía aquí, y aquí producía sus efectos.

A través de esas dos leyes del Congreso pasó la ley de prohibición sin perder su carácter de nacional. Lo único a que se proveyó con la segunda fué sencillamente a crear en las cortes de Puerto Rico la jurisdicción concurrente y

"siendo la jurisdicción de los referidos jueces y cortes territoriales en los casos de dichas infracciones la misma que en la actualidad tienen sobre otros delitos de su jurisdicción."

Si el poder federal se desprendió, por alguna forma, o delegó en alguna manera, cualquier parte de sus funciones, la interpretación de la ley en que así lo hiciera, sólo puede ser restringida. Se dió a los jueces y cortes de Puerto Rico una jurisdicción de que carecían: eso fué todo lo que hizo la ley, que no habla de procedimientos, forma de enjuiciar y castigar, y manera de adquirir la jurisdicción en cada caso.

Pero la ley citada no quitó a las infracciones de la Nacional de Prohibición el carácter de delitos federales, ni a los Estados Unidos el derecho y el deber de perseguir y proseguir en esos casos. La ley citada no ha trasladado a El Pueblo de Puerto Rico el poder de los Estados Unidos de América para acusar y perseguir en los casos de esas infracciones. Y por ello, ninguna denuncia o acusación en un caso de esa naturaleza puede hacerse en nombre de El Pueblo de Puerto Rico, sino que debe hacerse en nombre de los Estados Unidos.

¿Salva esta dificultad la fórmula usada en las acusaciones y denuncias, de que se habla en el caso de *El Pueblo* v. *Rodríguez,* antes citado? No la salva. Veamos por qué.

El artículo o sección 10 de nuestra Ley Orgánica, es como sigue:

"Art. 10.—Todas las diligencias judiciales se harán a nombre de 'Estados Unidos de América, SS el Presidente de los Estados Unidos,' y todas las acciones criminales o penales en los tribunales locales se

instruirán a nombre y por autoridad de 'El Pueblo de Puerto Rico'; y todos los funcionarios deberán ser ciudadanos de los Estados Unidos, y, antes de entrar en el desempeño de sus respectivas funciones, prestarán juramento de sostener la Constitución de los Estados Unidos y las leyes de Puerto Rico.''

Nótese cómo frente a la expresión general ''Todas las diligencias judiciales se harán a nombre de los Estados Unidos de América'' aparece la especial ''las acciones criminales o penales en los tribunales locales se instruirán (*shall be conducted*) a nombre y por autoridad de El Pueblo de Puerto Rico''; expresión ésta que cubre los casos de infracciones de leyes locales, pero no las de leyes federales. Tratándose de acción penal en tribunales de Puerto Rico, es indudable que ''a nombre y por autoridad de El Pueblo de Puerto Rico'' se sigue. La fórmula que se apunta para las diligencias judiciales en general, no es suficiente a establecer una justificación para que las cortes locales procedan en casos de jurisdicción federal.

La denuncia o la acusación en lo que se refiere a ofensas, delitos, o infracciones de leyes federales, no puede formularse más que a nombre y por la autoridad de los Estados Unidos de América.

La denuncia en este caso concreto, no es suficiente para que la corte adquiriese jurisdicción.

*Por las razones que preceden debe revocarse la sentencia apelada, dictándose otra absolviendo al acusado.*

Los Jueces, Presidente Señor del Toro y Asociado Señor Aldrey, disintieron.*

EN RECONSIDERACION.

Enero 30, 1931.

Por El Pueblo de Puerto Rico, se nos pide reconsideración de nuestra sentencia en este caso.

■ En uno de los primeros párrafos de la moción, que se halla suscrita por el fiscal de este tribunal y el de la Corte de Distrito de Arecibo, se dice:

---

* NOTA: Véase el prefacio.

"Antes de señalar los errores que, en nuestra opinión, ha come-tido el Hon. Tribunal al resolver este caso, queremos decir que el mayor interés de El Pueblo es el de conseguir que se nos oiga sobre la cuestión que se resolvió sin haber sido levantada por ninguna de las partes, es decir, que la acusación no era suficiente por haberse en-tablado la acción a nombre de El Pueblo de Puerto Rico y no de los Estados Unidos, y que esta cuestión quede aún bajo la consideración del Tribunal, hasta que se resuelva la otra cuestión planteada en el caso de El Pueblo v. Luciano Fuertes, íntimamente relacionada con aquélla, a saber: si la venta de bebidas alcohólicas constituye, en Puerto Rico, un delito *'felony'* o *'misdemeanor'*, de acuerdo con la Ley Nacional de Prohibición tal como fué enmendada últimamente. Para ser más claros aún, deseamos que el Tribunal tenga por no resuelto este caso, y al resolver el otro de El Pueblo v. Fuertes, reafirme o re-voque la decisión dada en el presente y resuelva a la vez la cuestión planteada en aquél."

La cuestión de jurisdicción se ha levantado por este tri-bunal, en uso de un derecho constantemente reconocido, y de antiguo consagrado, a proponer y resolver esa cuestión, pres-cindiendo de si las partes quisieron, pudieron, o supieron, proponerla. Bastaría, si no hubiera copiosa jurisprudencia sobre este particular, recordar la sección 1141 de los Esta-tutos de Puerto Rico (Ley de 12 de marzo de 1903) que dice así:

"Que el Tribunal Supremo de Puerto Rico constituirá de aquí en adelante un Tribunal de Apelación y no un Tribunal de Casación. En sus deliberaciones y fallos en todos los asuntos, tanto en lo civil como en lo criminal, dicho Tribunal no se limitará solamente a infrac-ciones de ley o quebrantamientos de forma, según fueren señalados, alegados o salvados por los litigantes, o según se hiciera constar en sus exposiciones y excepciones sino que con el más alto fin de justicia, el Tribunal puede también entender en todos los hechos y tramitaciones en la causa tal como aparecieren en autos, considerando en igual forma sus méritos, para la mejor administración de justicia y del derecho, y evitar injusticias y demoras."

Leyendo este texto legal, se penetra el que lo estudia de que al crearse un tribunal, no se le sujeta exclusivamente a las proposiciones legales que las partes presenten, sino que

se le faculta para que estudie y resuelva las cuestiones que encuentre.

Por poco detenimiento con que se estudie la jurisprudencia de este tribunal, se encontrará que la cuestión ahora resuelta, no es nueva. El caso *El Pueblo* v. *Rodríguez,* 33 D.P.R. 393, resuelto en 1924, no puede ser fácilmente inadvertido, máxime cuando lo citamos en la opinión de este caso. Allí surgió en el tribunal una diferencia de opinión, en varios extremos de importancia, de los que no es el menor el de la forma de presentarse la acusación. La opinión o voto disidente mantuvo que la acusación debe establecerse en nombre de los Estados Unidos, y señaló claramente el alcance de la ley extendiendo la Nacional de prohibición a territorios y posesiones. Tomamos de la opinión disidente, redactada por el Juez Asociado Sr. Wolf, los párrafos que siguen:

"Con arreglo a la sección 3 de la ley de 1921, *supra,* es evidente que la Ley Nacional de Prohibición fué extendida a Puerto Rico como ley federal, y la ley de 1922 no trata por sus términos de convertir en una ley local a la Ley Nacional de Prohibición, como ha sido sostenido, sino meramente conferir a las cortes locales jurisdicción sobre los delitos enumerados en la Ley Nacional de Prohibición. Sin embargo, se ha sostenido fuertemente que la intención del Congreso por la ley de 1922 fué hacer la Ley Nacional de Prohibición una ley local. Como hemos visto, la referida ley no habla de la Ley Nacional de Prohibición sino solamente de los delitos por virtud de la misma. La Ley Nacional de Prohibición confiere a las cortes cierta otra jurisdicción civil y de equidad que en manera alguna ha sido conferida a las cortes locales de Puerto Rico.

"De la facultad del Congreso de hacer distintamente la Ley Nacional una ley local, no tengo, por supuesto, duda alguna. La cuestión es si el Congreso así lo hizo o trató de hacerlo. Si mi memoria no me es infiel, el Congreso una vez hizo el Código Penal del Estado de Kansas, o algún otro estado, un Código Penal para el Territorio Indio, y desde luego que el Congreso tenía esta facultad y lo manifestó en lenguaje inequívoco. En la ley de septiembre 21 de 1922, *supra,* no hay manifestación de la intención de hacer una ley local de la Ley Nacional de Prohibición. Que toda la ley no tuvo por objeto ser una ley local, es un pensamiento eliminado por el hecho de

que sólo los delitos mencionados en la Ley Nacional de Prohibición deben caer dentro de la jurisdicción de las cortes locales.''

No es necesario estudiar aquí la forma eficaz de hacer local una ley nacional. Desde luego, afirmamos que la extensión de la ley a un territorio no quita a esa ley su carácter de nacional. La infracción, o la ofensa, con relación a cualquiera de sus preceptos, disposiciones o prohibiciones, es una infracción de una ley nacional; la extensión de ésta a un territorio no cambia en nada la naturaleza de la ofensa.

Sin que seamos demasiado restringidos en la interpretación, podemos decir que la ley del Congreso de 21 de septiembre de 1922, no hizo otra cosa que extender la jurisdicción de las cortes territoriales de Puerto Rico, para el conocimiento de infracciones y delitos que no estaban antes dentro de tal jurisdicción. Y no podemos ir más allá de lo que fué el poder legislativo. El poder o autoridad de las cortes del territorio para imponer la pena y hacerla cumplir, no se discute en nuestra opinión. La forma legal y válida de obtener la jurisdicción, es algo distinto. La autoridad en cuyo nombre debe perseguirse la infracción, es también otra materia de resolución; y cuanto más se estudie, más firme es en nosotros el convencimiento de que sólo en el nombre y por la autoridad de los Estados Unidos de América, y no en el nombre ni por la autoridad del Pueblo de Estado o Territorio alguno, puede perseguirse una infracción a una ley nacional, y llevar a los infractores ante un tribunal, federal o de Estado, con jurisdicción original y propia, o con jurisdicción concurrente, según el caso.

La alegación de que todo delito o infracción de leyes locales o federales, es siempre contra el gobierno y la dignidad de El Pueblo de los Estados Unidos, nos parece académica y de pura especulación científica, aunque para establecerla se olvida la especial condición política de las federaciones, en las que las esferas de actividad política y jurídica del Gobierno Federal y de los Estados federales se conservan

independientes hasta donde el pacto y la Constitución federales lo permiten, y aun teniendo quizá el mismo centro, tienen un desarrollo distinto en determinadas actividades.

El apelante en este caso formuló y presentó su oposición; y en ella se suscita una cuestión interesante, que no es preciso resolver ahora; pero de la que también se trata de forma incidental, en la moción de El Pueblo de Puerto Rico. Este dice:

"Una vez concedida jurisdicción a las cortes insulares para conocer de infracciones a la Ley Nacional de Prohibición, corresponde a los fiscales de esas cortes el perseguir esos delitos en las mismas, y no al fiscal federal, que ha sido nombrado única y exclusivamente para servir en la Corte Federal. Es principio generalmente aceptado que cuando a una corte se le concede jurisdicción para conocer de determinada materia esto lleva consigo los medios para hacer efectiva dicha jurisdicción. De prevalecer la opinión de este Hon. Tribunal puede asegurarse que los delitos por infracción a la Ley Nacional de Prohibición no podrían perseguirse ante nuestras Cortes de Distrito, toda vez que un fiscal federal no podría comparecer ante ellas porque, de acuerdo con la sección 41 de nuestra Acta Orgánica, ellos solamente tienen derecho a comparecer ante la Corte Federal."

El comentario hecho por la parte que pide la reconsideración con respecto a cuál fuera el punto de vista de la mayoría de este tribunal, y que éste considerase que existen en Puerto Rico dos soberanías o jurisdicciones, es difícil de entender, ya que en él se confunden los términos "soberanía" y "jurisdicción", que no tienen el mismo significado en el léxico jurídico. Aparte de que querer penetrar en ese terreno es arriesgado, ir tan lejos como lo hace la representación de El Pueblo de Puerto Rico, sobrepasa los límites del riesgo, para ponerse en los de un desconocimiento de los respetos que los representantes de las partes deben a los tribunales. Todos sabemos que en el concepto de soberanía, no hay aquí otra que la de los Estados Unidos de América. En cambio, en cuanto a la jurisdicción de las cortes, para los que tengan un mediano conocimiento de lo que "jurisdicción"

significa, el caso es tan distinto, que el Congreso de los Estados Unidos ha considerado necesario en el Acta Orgánica de Puerto Rico establecer y definir la diversa jurisdicción de la Corte de los Estados Unidos para Puerto Rico, y la de las cortes del territorio; y en la ley de 21 de septiembre de 1922, creó la jurisdicción concurrente en los tribunales de Puerto Rico, que no la tenían.

■ Para nosotros sigue siendo perfectamente claro que las infracciones de una ley nacional o federal, sólo en nombre del poder soberano y nacional, Estados Unidos de América, pueden ser perseguidas. De la facultad de iniciar el caso no se ha desprendido la nación, en la ley que antes se cita. Cuando el Congreso ha querido dar esa facultad, en alguna medida, en alguna forma, o a un funcionario no federal, lo ha hecho de una manera inequívoca. A este propósito puede citarse la sección 4, Título I, de la Ley Nacional de Prohibición, que en su primer párrafo dice así:

"El fiscal de los Estados Unidos para el distrito donde exista un estorbo tal como el que se define en esta Ley, o cualquier funcionario designado por él, o el fiscal general de los Estados Unidos, podrá entablar una acción en equidad en nombre de los Estados Unidos para abatir o restringir el mismo. Las acciones en equidad para abatir o restringir tales estorbos podrán ser iniciadas en cualquier corte que tenga jurisdicción para oír y resolver casos en equidad. La jurisdicción de las cortes de los Estados Unidos bajo esta sección será concurrente con la de las cortes de los varios Estados."

Y en la Sección 22, Título II, de la misma Ley, leemos:

"Una acción para abatir cualquier estorbo definido en este título podrá iniciarse a nombre de los Estados Unidos por el fiscal general de los Estados Unidos, o por cualquier fiscal de los Estados Unidos, o cualquier fiscal de cualquier Estado o cualquier subdivisión del mismo o por el Comisionado o sus agentes o auxiliares."

*Por las razones apuntadas, se declara sin lugar la moción de reconsideración.*

Los Jueces, Presidente Señor del Toro y Asociado Señor Aldrey, disintieron.*

---

* Nota: Véase el prefacio.